mentioned in the will was the youngest child living at testatrix death. The plaintiff was such youngest child. When that child became twenty-one the estate was to be divided between George W. Neaves ' and his children.' These children must be those who were *in esse* at the testatrix's death. If the estate was to be distributed upon the youngest child then living becoming of age an intent to include still younger children in the distribution under the general description of ' the children of my said brother ' cannot be drawn from the will itself. There are no extrinsic facts to aid in a construction which will require that result. The testatrix knew that her brother had two children only, and must have intended to create a legal estate in the fund which would not have become vested if it had been made dependent upon the youngest child which might be born of her brother. The limit to a particular youngest child necessarily limited the bequest to the class of children of which the designated one was the youngest.

" We think, therefore, the construction put upon the will at Special Term was correct and the judgment should be affirmed."

*John J. Thompson,* for the appellants.

*J. D. Van Hoevenberg,* for the plaintiff, respondent.

*W. A. F. P. Mulford,* for the defendant Amelia G. Goodenough, respondent.

Opinion by BARNARD, P. J.; DYKMAN, J., concurred; PRATT, J., not sitting.

Judgment affirmed, with costs.

---

JOHN GIESE, RESPONDENT, *v.* BENJAMIN J. HALL, APPELLANT.

*Negligence — liability of a master to an employee for injury sustained by reason of the negligence of a co-employee — amount of damage.*

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

The court at General Term said : " The defendant was employed by an owner of a steamship to unload his cargo of sugar upon lighters. The plaintiff was a deck hand on the lighter July lying alongside of the steamship and receiving a portion of her cargo. The defendant's men raised from the hold of the vessel the bags of sugar, and then attached the bags as they came out of the ship's hold and lay upon the deck to the hoisting apparatus of the lighter, and then they were lowered to the lighter by the lighter's men at the direction of the defendant. There was proof given tending to show that the sling was not jammed tight to the bag, but was left so loose that the bag of sugar escaped and fell, injuring the plaintiff. The case is very similar to the case of *Tynan* v. *Pierrepont*, recently decided by this court. It was held that an improper packing of the bag in the sling was evidence of negligence to go to the jury. If the defendant's duty was to put the sugar on the lighter, and the lighter men acted under his signal, the duty of the packing and the sufficiency of it to continue till the sugar reached the deck of the lighter seems plain. To whom else could the lighter's men look for that carefulness which gives safety when neglect is liable to end in death or severe injury. The damages are not excessive under the rule governing that question on appeal. The plaintiff's hip was dislocated and he suffered severe pain ; was in hospital three weeks and unable to walk for four months. He is still compelled to lay all night in one position. The motions of the hip joint are limited. The jury have given $2,750. There is nothing like passion or prejudice in this amount and the judgment should be affirmed, with costs."

*William C. De Witt*, for the appellant.

*Stephen B. Jacobs*, for the respondent.

Opinion by BARNARD, P. J. ; DYKMAN, J., concurred.

Judgment and order denying new trial affirmed, with costs.